UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL-ZAHIR DAVID FLEMING,

Plaintiff,

v. Case No.: 2:25-cv-1154-SPC-NPM

COLLIER COUNTY SHERIFF'S OFFICE, OFFICER TRISTAN ALLEN, OFFICER TIMOTHY HERRERA, SERGEANT FOSTER, SHERIFF KEVIN RAMBOSK,

Defendants.

---

## OPINION AND ORDER

Before the Court are two Motions to Dismiss: one filed by Defendant Sheriff Kevin Rambosk (Doc. 17) and another filed by Defendants Officer Tristan Allen, Officer Timothy Herrera, and Sergeant Foster (collectively, "Officers") (Doc. 25). Pro se Plaintiff Michael-Zahir David Fleming[1] responded to both motions. (Docs. 23, 27). For the below reasons, the Court grants the motions.

---

[1] In a separate action, the Court identified Plaintiff as a "sovereign citizen" in denying him leave to proceed in forma pauperis and dismissing his complaint as frivolous under § 1915 review. *See Fleming v. Fla.*, No. 2:23-CV-1092-JES-NPM, 2025 WL 1332824, at *1 (M.D. Fla. Mar. 14, 2025), *report and recommendation adopted sub nom.* 2025 WL 979386 (Apr. 2, 2025). The claims and Defendants here are eerily similar to the ones previously dismissed as frivolous.

## Background[2]

This is a civil rights action under 42 U.S.C. § 1983. (Doc. 13). The facts are straightforward, and the Court only discusses those necessary to resolve the motions. Plaintiff alleges that in July 2022, he parked his car in a Dunkin Donuts parking lot. Officers Allen and Herera arrived and positioned their vehicle such that Plaintiff could not leave. Without indicating they suspected Plaintiff of any criminal activity, they demanded Plaintiff provide his driver's license. Plaintiff questioned the basis for the stop and refused to comply. Officer Allen then arrested Plaintiff.

In executing the arrest, Officer Allen applied the handcuffs too tight, causing pain and numbness in Plaintiff's wrists and hands. Although Plaintiff complained, the handcuffs were never loosened. Plaintiff also advised Officer Allen of a pre-existing nerve condition in his groin area. Even so, Officer Allen conducted a "firm and intrusive" pat-down search, which exacerbated his groin injury. Plaintiff was then placed into the patrol vehicle—with the windows up, the air conditioning off, the temperature outside around 90 degrees—for roughly thirty minutes. Plaintiff, who has asthma, experienced respiratory distress due to the heat.

[2] The Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to" Plaintiff. *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009).

Plaintiff brings a litany of claims under § 1983 as well as a state-law intentional infliction of emotional distress ("IIED") claim. (Doc. 13). Sheriff Rambosk moves to dismiss the § 1983 claims against him, arguing Plaintiff fails to adequately allege a policy or custom. He also moves to dismiss the IIED claim and argues the second amended complaint is a shotgun pleading. (Doc. 17). The Officers also argue the second amended complaint is a shotgun pleading, that they are entitled to qualified immunity on Plaintiff's excessive-force claim, and that Plaintiff fails to state an IIED claim. (Doc. 25).

**Legal Standard**

To survive a Federal Rule of Civil Procedure 12(b)(6) motion, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," do not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See id.* at 570. A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

## Analysis

The Court begins by addressing the shotgun pleading argument. The Court then turns to the § 1983 claims against Sheriff Rambosk, followed by the excessive force claim against Officers Allen and Herrera. Then the IIED claim.

### I. Shotgun Pleading

Defendants argue Plaintiff's second amended complaint is a shotgun pleading. Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Shotgun pleadings violate this rule "by fail[ing] . . . to give the defendant adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm City Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (defining the four types of shotgun pleadings). "A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008). "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

Defendants maintain Plaintiff's second amended complaint is the second type of shotgun pleading—that it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."

*Weiland*, 792 F.3d at 1322. The Court disagrees. Although Plaintiff's second amended complaint includes the occasional irrelevant or vague allegation, they do not render the pleading so deficient that Defendants cannot formulate a response. *See Turner v. Shearon*, No. 2:24-CV-299-MHT-KFP, 2025 WL 2966875, at *2 (M.D. Ala. Oct. 21, 2025) ("Certainly, Plaintiff's pleading lacks some clarity, but it does not lack the level of factual clarity completely preventing Defendants from formulating a response to it.").

Defendants also argue the pleading is the fourth type of shotgun pleading—that it asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323. The Court agrees, primarily because Plaintiff routinely uses passive voice, making it impossible to know which Defendant purportedly committed the wrongdoing. *See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1297 (11th Cir. 2002) (finding shotgun pleading because of the plaintiff's use of passive voice in the complaint). For instance, Plaintiff alleges he "was placed in the rear seat of the patrol vehicle, which remained parked" in the hot conditions. (Doc. 13 ¶ 21). It is unclear who placed Plaintiff in the vehicle and, thus, who is responsible for the purported misconduct. This is just one example, as Plaintiff repeatedly deploys the passive voice throughout the pleading. Adding to the confusion, Sergeant Foster is a named

Defendant, yet Plaintiff does not allege *any* conduct by him. As such, the second amended complaint is a shotgun pleading, and the Court dismisses it without prejudice.[3]

## II. Section 1983 Claims against Sheriff Rambosk

Plaintiff brings several claims against Sheriff Rambosk in his official capacity: Fourteenth Amendment due process violation under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978) (count III), failure to train and supervise under *Monell* (count V), Eighth Amendment excessive fines (count VI), and Fourteenth Amendment equal protection violation (count VII). Each claim fails.

"To impose *Monell* liability, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *Underwood v. City of Bessemer*, 11 F.4th 1317, 1333 (11th Cir. 2021) (citation omitted). As to the second element, all Plaintiff musters are broad allegations that "Defendant Rambosk maintained policies and customs of inadequate training and supervision regarding constitutional stops, arrests, force, and fee collection"

[3] In non-merits dismissals on shotgun pleading grounds, the Eleventh Circuit requires district courts to allow a litigant one chance to remedy such deficiencies. *See, e.g., Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006). This is Plaintiff's chance.

(Doc. 13 ¶ 76), and that "Defendant Rambosk's policies and customs, including revenue-driven detention, were the moving force behind the violations." (*Id.* ¶ 69). Such allegations are insufficient.

"Simply alleging a policy or custom exists is not enough to satisfy Rule 8(a)(2) and the requisite pleading standards." *Huntley v. Chronister*, No. 8:25-CV-1318-MSS-CPT, 2026 WL 2253796, at *2 (M.D. Fla. Aug. 5, 2026) (citation omitted). Indeed, "[d]istrict courts have repeatedly rejected the attempts of plaintiffs to merely allege policies and procedures without factual allegations and dismissed complaints that use this tactic to establish municipal liability." *Id.* (citation omitted). Such is the case here.

To be sure, Plaintiff does not designate counts VI and VII as *Monell* claims. But these claims are dismissed either way because "[i]t is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Keith v. DeKalb Cnty., Ga.*, 749 F.3d 1034, 1047 (11th Cir. 2014). And Plaintiff alleges no individual conduct by Sheriff Rambosk. The Court thus dismisses counts III, V, VI, and VII without prejudice.

## III. Section 1983 Excessive Force Claim against Officers Allen and Herrera (count II)

Plaintiff alleges that Officers Allen and Herrera used excessive force by applying overly tight handcuffs, conducting an intrusive pat-down despite knowledge of Plaintiff's pre-existing groin injury, and confining Plaintiff in extreme heat without ventilation. (Doc. 13 ¶ 64). Officers Allen and Herrera invoke qualified immunity. (Doc. 25).

"Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). When a defendant officer operated within the scope of his discretionary authority, the plaintiff bears the burden of "demonstrat[ing] that qualified immunity is not appropriate." *Gray ex rel. Alexander v. Bostic*, 458 F.3d 1295, 1303 (11th Cir. 2006) (quoting *Lumley v. City of Dade City*, 327 F.3d 1186, 1194 (11th Cir. 2003)).

The parties do not dispute that Officers Allen and Herrera acted within the scope of their discretionary authority. So Plaintiff bears the burden of proving "both (1) that the officers 'violated a statutory or constitutional right' and (2) 'that the right was clearly established at the time of the challenged

conduct.'" *Acosta v. Miami-Dade Cnty.*, 97 F.4th 1233, 1239 (11th Cir. 2024) (quoting *Mikko v. City of Atlanta*, 857 F.3d 1136, 1144 (11th Cir. 2017)). Plaintiff fails to satisfy this burden.

Plaintiff produces no authority suggesting Officers Allen and Herrera violated a clearly established constitutional right. He only argues that "the Eleventh Circuit has long recognized that gratuitous force against a person who is secured, not resisting, and posing a threat may violate clearly established law" with citation to two cases. (Doc. 27 at 12). But his citation to a broad rule in this context is insufficient. *See Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (explaining "the dispositive question is whether the violative nature of *particular conduct* is clearly established" particularly in the Fourth Amendment excessive force context (emphasis added)); *Sheets v. Prummell*, No. 2:24-CV-943-SPC-NPM, 2025 WL 712805, at *4 (M.D. Fla. Mar. 5, 2025) (finding the plaintiff failed to satisfy his burden with citation "only to two bare caselaw quotes" without explaining how they apply). Because Plaintiff provides no authority suggesting the specific force employed by Officers Allen and Herrera violated the Constitution,[4] he fails to satisfy his burden.

[4] In fact, Plaintiff does not allege any force by Officer Hererra. Rather, he alleges that only Officer Allen handcuffed him and conducted the pat down. (Doc. 13 ¶¶ 18–21). He then passively alleges he "was placed in the rear seat of the patrol vehicle." (*Id.* ¶ 22). He never specifies who placed him in the vehicle.

Nor can he. The relevant authority suggests Officers Allen and Herrera's use of force was not excessive. Regarding the handcuffs, the Eleventh Circuit instructs: "only the most exceptional circumstances will permit an excessive force claim on the basis of handcuffing alone." *Sebastian v. Ortiz*, 918 F.3d 1301, 1312 (11th Cir. 2019). As such, courts "have repeatedly held that painful handcuffing alone doesn't constitute excessive force." *Huebner v. Bradshaw*, 935 F.3d 1183, 1191 (11th Cir. 2019) (finding no excessive force when the female plaintiff complained the handcuffs were too tight, the officer replied they were "man handcuffs" and tightened them again, the plaintiff was left handcuffed in the patrol car for as long as two hours, and the crime she committed was minor). Plaintiff fails to show this case involves the "most exceptional circumstances." *Sebastian*, 918 F.3d at 1312; *see also Tasis v. Marceno*, No. 2:24-CV-930-SPC-KCD, 2025 WL 1167822, at *3–4 (M.D. Fla. Apr. 22, 2025) (dismissing excessive force claim based on handcuffing).

As for Plaintiff's claim that the pat down was excessive, his own allegations suggest otherwise. He alleges only that Officer Allen "conducted a firm and intrusive pat-down search[.]" (Doc. 13 ¶ 21). But a pat down of the groin is by its very nature intrusive. And a "firm" pat down hardly suggests it was excessive. To the contrary, this use of force was de minimis.

Plaintiff relies only on his allegation that the pat-down aggravated his pre-existing groin injury. "What would ordinarily be considered reasonable

force does not become excessive force when the force aggravates (however severely) a pre-existing condition the extent of which was unknown to the officer at the time." *Rodriguez v. Farrell*, 280 F.3d 1341, 1353 (11th Cir. 2002). Although Plaintiff alleges Officer Allen knew of his pre-existing groin condition, he cites no authority supporting the inverse of the *Rodriguez* rule. Put differently, he fails to show it is clearly established that an officer's use of de minimis force becomes excessive merely because it aggravated a known pre-existing condition. Indeed, Plaintiff never alleges Officer Allen "target his pre-existing conditions to cause gratuitous pain." *Tasis*, 2025 WL 1167822, at *4.

As for Plaintiff's hot-car claim, the Eleventh Circuit has explicitly recognized this area of the law is not clearly established. *See Crocker v. Beatty*, 995 F.3d 1232, 1252 (11th Cir. 2021) (noting "the law on [a detainee left in a hot car] is not at all clearly established"). Much like here, *Crocker* found no excessive force when the plaintiff was left in a patrol vehicle, with no air condition, in 84-degree temperature, for between 22 and 30 minutes. *Id.* at 1238. The court explained, "it's hard to imagine how we could find a constitutional violation here without making a federal case of just about every 'hot car' incident in Alabama, Florida, and Georgia, which we (once again) decline to do." *Id.* at 1251–52.

Because Plaintiff failed to show Officers Allen and Herrera violated a clearly establish constitutional right, they are entitled to qualified immunity. The Court dismisses count II with prejudice.

## IV. IIED claim (count X)

Last is Plaintiff's IIED claim against Defendants. Sheriff Rambosk argues he is entitled to sovereign immunity (Doc. 17), and the Officers argue Plaintiff fails to state a claim (Doc. 25). Because Plaintiff fails to state a claim, the Court does not reach the sovereign immunity issue.

"To state a valid claim for intentional infliction of emotional distress under Florida law, a plaintiff must plausibly allege the following elements: (1) the defendant's conduct was intentional or reckless; (2) the conduct was outrageous, beyond all bounds of decency, and odious and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; and (4) the emotional distress was severe." *Plowright v. Miami Dade Cnty.*, 102 F.4th 1358, 1367–68 (11th Cir. 2024) (citation omitted). Liability attaches "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* at 1368 (citation omitted). In Florida, whether conduct is outrageous enough to support an IIED claim is a question of law. *Id.* But "the standard for

outrageous conduct is particularly high in Florida." *Id.* (quoting *Clemente v. Horne*, 707 So. 2d 865, 867 (Fla. Dist. Ct. App. 1998)).

Plaintiff's claim falls well short of the high threshold. He essentially argues that being detained, arrested, subjected to de minimis force, and forced to pay a couple hundred dollars in fines constitutes outrageous conduct. But the purported emotional distress arising from these incidents is far from being of "such a substantial quality or enduring quality that no reasonable person in a civilized society should be expected to endure it." *Kim v. Jung Hyun Chang*, 249 So. 3d 1300, 1305 (Fla. Dist. Ct. App. 2018) (citation omitted); *see also Corbin v. Prummell*, 655 F. Supp. 3d 1143, 1166 (M.D. Fla. 2023) (finding conduct by officers more severe than that alleged here did not state an IIED claim). To the contrary, individuals are subjected to this same treatment daily. The Court thus dismisses count X with prejudice.

## V. Additional Matter

One final point. Plaintiff names the Collier County Sheriff's Office as a defendant. But the Sheriff's Office is not a proper party to this action. *See, e.g.*, *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit." (citations omitted)); *Taylor v. Hall*, No. 5:25-CV-19-WFJ-PRL, 2025 WL 326678, at *3 (M.D. Fla. Jan. 29, 2025) (dismissing the plaintiff's claims against Citrus County Sheriff's Department because "it is not a legal

entity subject to suit"). So the Collier County Sheriff's Office is dismissed with prejudice.

Accordingly, it is now

**ORDERED:**

1. Defendants' Motions to Dismiss (Docs. 17, 25) are **GRANTED**.
2. The second amended complaint is **DISMISSED without prejudice** as an impermissible shotgun pleading.
3. Counts II and X are **DISMISSED with prejudice.**
4. The Collier County Sheriff's Office is **DISMISSED with prejudice**. The Clerk is **DIRECTED** to terminate the Collier County Sheriff's Office as a defendant.
5. On or before **August 28, 2026**, Plaintiff must file a Third Amended Complaint. *Failure to do so will result in this case's dismissal without further notice.*

**DONE** and **ORDERED** in Fort Myers, Florida on August 14, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record